UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AEGEAN BREEZE SHIPPING CO., MED BREEZE SHIPPING INC., SEA BLUE SHIPPING INC., and SEA BREEZE INTERNATIONAL MARITIME CO.,

    Plaintiffs,

v.

STX OFFSHORE & SHIPBUILDING CO. LTD. f/k/a STX SHIPBUILDING CO. LTD.,

    Defendant.

---

15 CV 972

Civil Action No.

NOTICE OF REMOVAL

JUDGE FORREST

RECEIVED
FEB 10 2015
U.S.D.C. S.D.N.Y.

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:**

**PLEASE TAKE NOTICE** that Defendant STX Offshore & Shipbuilding Co. Ltd. ("STX") hereby files this Notice of Removal of the above-captioned action from the Supreme Court of the State of New York, County of New York, Index No. 650171/2015, pursuant to 28 U.S.C. §§1332, 1441 and 1446, on the basis of the facts set forth below:

1. Upon information and belief, on or about January 20, 2015, Aegean Breeze Shipping Company, Med Breeze Shipping Company, Sea Blue Shipping Inc., and Sea Breeze International Maritime Company (collectively "Plaintiffs") filed a Verified Petition for Order of Attachment Without Notice in Aid of Arbitration against STX (the "Petition") in the Supreme Court of the State of New York, County of New York, Index No. 650171/2015. (A copy of the Petition is attached hereto as Exhibit "A".)

2. Plaintiffs have not yet effectuated proper service of process of the Petition on STX.

3. According to the Petition, Plaintiffs make the petition in support of their application pursuant to CPLR § 6211 and § 7502(c) seeking an order of attachment without notice in aid of arbitration against STX that Plaintiffs have commenced in London. See Petition, ¶ 1.

4.      The parties are of diverse citizenship:

(a)     Plaintiff Aegean Breeze is a company incorporated under the laws of Liberia with its registered office in Monrovia, Liberia (see Petition, ¶ 13);

(b)     Plaintiff Med Breeze is a company incorporated under the laws of Liberia with its registered office in Monrovia, Liberia (see Petition, ¶ 14);

(c)     Plaintiff Sea Blue is a company incorporated under the laws of Liberia with its registered office in Monrovia, Liberia (see Petition, ¶¶ 15-16); and

(d)     Defendant STX is a company incorporated under the laws of South Korea with its principal place of business in South Korea (see Petition, ¶ 17).

5.      Based upon the nature of Plaintiffs' claimed injuries and damages, the $75,000 amount in controversy requirement of 28 U.S.C. §1332 has been satisfied. In determining whether the "amount in controversy" requirement has been met, the Second Circuit applies the "legal certainty" standard, which holds that remand is only appropriate if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." AFA Tours, Inc. v. Whitchurch, 937 F.2d 82, 87 (2d Cir. 1991) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938)). It must only be shown to a "reasonable probability" that the claim is in excess of the jurisdictional limit. See Tongkook Am. v. Shipton Sportswear Co., 14 F.3d 781, 784 (2d Cir. 1994); Scherer v. Equitable Life Assur. Soc'y of the U.S., 347 F.3d 394, 397 (2d Cir. 2003). Stated differently, in order to properly remand, it must be apparent to a legal certainty from the face of the pleadings that the plaintiff cannot recover an amount in excess of the jurisdictional amount. Id. at 397. Here, Plaintiffs estimate damages of approximately $21,208,887.24. See Petition, ¶ 32. Based on the foregoing, the claimed amount in controversy can reasonably be said to exceed $75,000.

6.      As of this date, STX has not filed a responsive pleading.

7.      This Notice of Removal is being filed in the United States District Court for the Southern District of New York, the District Court of the United States for the district and division within which the state court action is pending, as required by 28 U.S.C. §§1446(a), (d) and 1441(a).

8.      Pursuant to 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiffs' counsel, and a copy of the Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of New York, in the form attached hereto as Exhibit "B".

9.      By filing this Notice of Removal STX does not waive Service of Process of the Summons and Complaint and makes its appearance for the limited purpose of filing this Removal Petition.

10.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. §1446(a).

**WHEREFORE**, Defendant STX respectfully requests that this action be duly removed to this Court.

GIBBONS P.C.
Attorneys for Defendant
STX Offshore & Shipbuilding Co. Ltd.
One Pennsylvania Plaza
New York, New York 10119-3701
(212) 613-2000

Dated: February 10, 2015

By: _____
Robert C. Brady