**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

In the matter of Arbitration Between:

AEGEAN BREEZE SHIPPING CO., MED BREEZE SHIPPING INC., SEA BLUE SHIPPING INC., and SEA BREEZE INTERNATIONAL MARITIME CO.,

    Plaintiffs,

v.

STX OFFSHORE & SHIPBUILDING CO. LTD., f/k/a STX SHIPBUILDING CO. LTD

    Defendant.

Civil Action No. 15-972 (KBF)

**AMENDED MEMORANDUM IN SUPPORT OF
MOTION FOR
ORDER OF ATTACHMENT
<u>IN AID OF ARBITRATION</u>**

Plaintiffs Aegean Breeze Shipping Co. ("Aegean Breeze"), Med Breeze Shipping Inc. ("Med Breeze"), Sea Blue Shipping Inc. ("Sea Blue"), and Sea Breeze International Maritime Co. ("Sea Breeze"), seek, pursuant to NY CLS CPLR § 7502(c), for an order of attachment in aid of arbitration against Defendant STX Offshore & Shipbuilding Co. Ltd. ("STX").

**Factual Background**

On August 23, 2007, each of the Plaintiffs entered into an identical contract, save for the identity of each buyer and vessel, with STX (the Shipbuilding Contracts) pursuant to which STX agreed to design, build, launch, equip and complete one 80,700 DWT bulk carrier as follows:

| Plaintiff | Vessel | Hull | Price | Delivered |
|---|---|---|---|---|
| Aegean Breeze | M/V INFINITY | S-4027 | $53,470,000 | May 27, 2010 |
| Med Breeze | M/V INCEPTION | S-1445 | $53,470,000 | October 27, 2011 |
| Sea Blue | M/V INSPIRATION | S-2078 | $53,470,000 | April 30, 2010 |
| Sea Breeze | M/V INTUITION | S-1444 | $53,470,000 | August 8, 2011 |

The Shipbuilding Contracts provided, in part, that the Vessels were to be built in accordance with certain enumerated specifications in compliance with certain rules and

regulations of a particular classification society. The Shipbuilding Contracts further provided a twelve-month guarantee, from the date of delivery, for the Vessels against defects due to defective materials, construction miscalculation, and/or poor workmanship.

Plaintiffs provided written notice to STX, as required by the Shipbuilding Contracts, of various defects in each of the Vessels as follows:

    a.    With respect to the M/V INFINITY (S-4027), Aegean Breeze provided written notice by way of Guarantee Claim Reports submitted to STX in accordance with the terms of the Shipbuilding Contract on or about April 27, 2011.

    b.    With respect to the M/V INCEPTION (S-1445), Med Breeze provided written notice by way of a Side Letter executed by both Med Breeze and STX on October 27, 2011 (the date of delivery) in which the various defects are listed.

    c.    With respect to the M/V INSPIRATION (S-2078), Sea Blue provided written notice by way of Guarantee Claim Reports submitted to STX in accordance with the terms of the Shipbuilding Contract on or about April 27, 2011.

    d.    With respect to the M/V INTUITION (S-1444), Sea Breeze provided written notice by way of a Side Letter executed by both Sea Breeze and STX on August 8, 2011 (the date of delivery) in which the various defects are listed.

Notice was provided to STX in accordance with the terms of the Shipbuilding Contracts and the defects were identified within the twelve-month guarantee window. Pursuant to the Shipbuilding Contracts, STX was contractually obligated to correct any defects identified by Plaintiffs at STX's sole expense by making any necessary repairs or replacements.

In breach of its contractual obligations, STX has failed and/or refused to repair and/or replace the defects identified by Plaintiffs in the Vessels, as a result of which the Plaintiffs are entitled to damages.

The Shipbuilding Contracts require that any dispute arising thereunder be referred to arbitration in London. Plaintiffs have initiated London arbitration proceedings in accordance with the Shipbuilding Contracts. In the London Arbitration, each Plaintiff has demanded not less than $3,557,417.00 in damages resulting from STX's breach of the Shipbuilding Contracts. In addition, Plaintiffs estimate damages of a further $1,000,000.00 in costs and interest, for total damages (for all Plaintiffs) of $15,229,668.00.

Plaintiffs are informed and believe that Mediterranean Shipping Company ("MSC") has property, monies, and/or assets in which STX has an interest, contingent or otherwise, and/or which are owed to STX. Specifically, Plaintiffs are informed and believe that MSC owes STX monies in relation to several shipbuilding contracts.

**Legal Standards**

Plaintiffs seek an order of attachment in aid of arbitration pursuant to CPLR § 7502(c). Fed. R. Civ. P. 64(a) specifically provides that, in federal court, "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Rule 64(b) specifically provides that attachment is a permitted remedy.

CPLR § 7502(c) provides *inter alia* that a court

> may entertain an application for an order of attachment or for a preliminary injunction in connection with an arbitration that is pending or that is to be commenced inside or outside this state, whether or not it is subject to the United Nations convention on the recognition and enforcement of foreign arbitral awards, but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief. The provisions of

> articles 62 and 63 of this chapter shall apply to the application, including those relating to undertakings and to the time for commencement of an action (arbitration shall be deemed an action for this purpose), except that the sole ground for the granting of the remedy shall be as stated above.

"CPLR 7502 (c) grants the court only the limited authority to issue an order of attachment or a preliminary injunction in connection with an arbitrable controversy…." *Salvano v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 85 N.Y.2d 173, 181 (N.Y. 1995).

## **Argument**

New York courts have taken various approaches to petitions under CPLR § 7502(c). Some courts have strictly followed the literal text of the statute and required petitioners to show only that "a potential arbitration award may be rendered ineffectual without an attachment." *Sullivan & Worcester LLP v Takieddine*, 73 A.D.3d 442, 442 (N.Y. App. Div. 1st Dep't 2010); *see also Matter of Kadish v First Midwest Sec., Inc.*, 115 A.D.3d 445, 446 (N.Y. App. Div. 1st Dep't 2014); *H. I. G. Capital Mgmt. v. Ligator*, 233 A.D.2d 270, 271 (N.Y. App. Div. 1st Dep't 1996) ("This is the sole applicable standard."); *County Natwest Sec. Corp. v. Jesup, Josephthal & Co.*, 180 A.D.2d 468, 469 (N.Y. App. Div. 1st Dep't 1992) (Article 62 standards not required for Article 75 application); *Habitations, Ltd. v. BKL Realty Sales Corp.*, 160 A.D.2d 423, 424 (N.Y. App. Div. 1st Dep't 1990) (same).

Other courts have applied Article 62 and required a petitioner to demonstrate, in addition to "rendered ineffectual" showing, that "there is a viable cause of action, a probability of success on the merits, that the award may be rendered ineffectual without the relief sought and that the amount demanded exceeds all counterclaims known to petitioners." *Matter of Thornton & Naumes, LLP (Athari Law Off.)*, 36 A.D.3d 1119, 1120 (N.Y. App. Div. 3d Dep't 2007).

Still other courts have borrowed from Article 63 in requiring a petitioner to also show that the standards for a preliminary injunction (likelihood of success, irreparable harm, balancing

of equities) have been met. *See, e.g.*, *Dilone v Williams*, 31 Misc. 3d 1219(A), 1219A (N.Y. Sup. Ct. 2011); *JetBlue Airways Corp. v Stephenson*, 31 Misc. 3d 1241(A), 1241A (N.Y. Sup. Ct. 2010); *Winter v. Brown*, 49 A.D.3d 526, 528 (N.Y. App. Div. 2d Dep't 2008). The courts that have applied Article 63's standards have been faced with petitions specifically seeking injunctive relief. In *Dilone*, petitioners sought to enjoin the disposition of certain property that served as collateral for a promissory note by respondents. In *JetBlue*, petitioners sought to stay arbitration. In *Winter*, petitioners sought to enjoin respondents from disposing of certain funds.

In the instant action, Plaintiffs seek only an order to attach funds in the hands of a third party garnishee (MSC) in which funds STX has an interest – namely, funds that MSC owes or will owe to STX under certain shipbuilding contracts. Unlike *Dilone*, *JetBlue*, and *Winter*, Plaintiffs here do not seek any type of injunctive relief. Nor is the relief sought by Plaintiffs directed specifically at STX, as it was in *Dilone*, *JetBlue*, and *Winter*; here, the relief sought is directed at a third party garnishee. The standard of review applied in those cases, which requires showing that the standards for a preliminary injunction have been met, is inapplicable here.

Therefore, to obtain an order of attachment here, Plaintiffs must either show (a) only that "a potential arbitration award may be rendered ineffectual without an attachment" (*Sullivan*, *supra*), or (b) that "there is a viable cause of action, a probability of success on the merits, that the award may be rendered ineffectual without the relief sought and that the amount demanded exceeds all counterclaims known to petitioners" (*Naumes*, *supra*).

Under either analysis, Plaintiffs have met their burden and the Court should issue an order of attachment. The public and indisputable financial deterioration of STX – along with subsidiary, parent, and affiliated corporations (set forth in greater detail below) – will, without question, render any arbitration award ineffectual unless Plaintiffs are able to attach property

5

now in which STX has an interest. Plaintiffs have both a viable cause of action and probability of success on the merits, because the material facts are not in dispute.

Plaintiffs' causes of action arise out of STX's breaches of four written contracts for the building and delivery of four vessels. Pursuant to those contracts, the vessels were to be built subject to certain specifications. The parties' contracts provided a one-year guarantee against defects due to defective materials, construction miscalculation, and/or poor workmanship. Plaintiffs identified defects in each of the four vessels and timely provided written notice to STX of those defects. STX breached its contractual obligations by refusing and/or failing to correct those defects, resulting in significant damages to Plaintiffs.

STX does not deny the existence or terms of the contracts. Nor does STX assert that Plaintiffs failed to provide timely notice as required by the contracts. In the arbitration proceedings, STX has not made any counterclaim against any Plaintiff. On these facts, it is probable that Plaintiffs will succeed on the merits in their arbitration against STX.

On or about April 2, 2013, STX began to seek a voluntary restructuring of its debt with creditors. Following the bankruptcy filing of sister-company STX Pan Ocean Co. (which, like STX, is a subsidiary of STX Group) on or about June 9, 2013, STX was subject to an involuntary restructuring plan led by creditors.

On or about April 15, 2014, STX was delisted from the Korea Stock Exchange. On or about June 27, 2014, STX (Dalian) Shipbuilding Co Ltd (a Chinese subsidiary of STX) filed for bankruptcy reorganization. As a result, a significant number of shipbuilding contracts – which had been countersigned by STX – collapsed, leading to legal actions against STX.

STX, like its parent (STX Group) and its subsidiary (STX (Dalian) Shipbuilding Co Ltd) is in a precarious financial position. STX Group, and many of its subsidiaries, is currently under

investigation by Korean authorities following charges of embezzlement and business malpractice against the former CEO of STX Group.  The value of the alleged fraud is US $2.4 billion.

Additionally, the relevant statutory requirements of Article 62 are satisfied.  CPLR § 6201 provides that an order of attachment may issue if at least one of five enumerated grounds has been met; here, the first ground is satisfied because "the defendant [STX] is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state."  CPLR § 6201.1.

The accompanying affidavit of J. Stephen Simms, counsel to Plaintiffs, satisfies the statutory requirements found in CPLR § 6212:

> that there is a cause of action, that it is probable that the plaintiff will succeed on the merits, that one or more grounds for attachment provided in section 6201 exist, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff.

CPLR § 6212 also requires that Plaintiffs "give an undertaking, in a total amount to be fixed by the court, but not less than five hundred dollars" to protect STX in the (unlikely) event that the Court determines Plaintiffs were not entitled to an attachment (despite the clear statutory text permitting Plaintiffs to obtain an attachment).  Plaintiffs respectfully request that the Court set the bond at the minimum amount.

For all of the above reasons, any arbitration award granted in Plaintiffs' favor will be rendered ineffectual without an order of attachment.  Plaintiffs have satisfied both the *Sullivan* standard and the *Naumes* standard, and are entitled to relief under CPLR § 7502(c).

## Conclusion

WHEREFORE, Plaintiffs respectfully request an order of attachment in aid of arbitration pursuant to CPLR § 7502(c), directing the United States Marshals Service to attach and levy upon all property in which STX has any interest, in the custody of STX and/or Mediterranean

Shipping Company, to the extent of $15,229,668.00, and for such other and further relief as this Court deems just and proper.

Dated: February 18, 2015.

Respectfully Submitted,

| | |
|---|---|
| /s/ J. Stephen Simms | James Keneally |
| J. Stephen Simms | Kevin Musiakiewicz |
| John T. Ward | Alison Greenberg |
| Marios J. Monopolis | Harris, O'Brien, St. Laurent & Chaudry LLP |
| Simms Showers LLP | 111 Broadway, Suite 1502 |
| 201 International Circle, Suite 250 | New York, New York 10006 |
| Baltimore, Maryland 21030 | Telephone: (212) 397-1796 |
| Telephone: 410-783-5795 | Facsimile: (212) 902-5458 |
| Facsimile: 410-510-1789 | jkeneally@harrisobrien.com |
| jssimms@simmsshowers.com | kmusiakiewicz@ck-harris.com |
| jtward@simmsshowers.com | agreenberg@ck-harris.com |
| mjmonopolis@simmsshowers.com | |

Attorneys for Plaintiffs Aegean Breeze Shipping Co., Med Breeze Shipping Inc., Sea Blue Shipping Inc., and Sea Breeze International Maritime Co.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2015, a copy of the foregoing Amended Memorandum in Support of Motion for Order of Attachment in Aid of Arbitration was served on all record counsel via this Court's CM/ECF system.

/s/ J. Stephen Simms
J. Stephen Simms