UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the matter of Arbitration Between:<br><br>AEGEAN BREEZE SHIPPING CO., MED BREEZE SHIPPING INC., SEA BLUE SHIPPING INC., and SEA BREEZE INTERNATIONAL MARITIME CO.,<br><br>    Plaintiffs,<br><br>    v.<br><br>STX OFFSHORE & SHIPBUILDING CO. LTD., f/k/a STX SHIPBUILDING CO. LTD<br><br>    Defendant. | Civil Action No. 15-972 (KBF)<br><br>**AMENDED AFFIDAVIT OF J. STEPHEN SIMMS IN SUPPORT OF MOTION FOR ORDER OF ATTACHMENT<br>IN AID OF ARBITRATION** |

J. Stephen Simms affirms under the penalty of perjury as follows:

1. I am a principal of Simms Showers LLP, the law firm representing Plaintiffs Aegean Breeze Shipping Co. ("Aegean Breeze"), Med Breeze Shipping Inc. ("Med Breeze"), Sea Blue Shipping Inc. ("Sea Blue"), and Sea Breeze International Maritime Co. ("Sea Breeze") (collectively, the "Plaintiffs") in the above-captioned proceeding, and I submit this Affirmation in support of Claimants' Motion for Order of Attachment in Aid of Arbitration pursuant to NY CLS CPLR 7502(c). Except as noted below, this Affidavit is based on my personal knowledge of the facts and circumstances set forth herein.

2. This motion is made in support of an application pursuant to CPLR § 7502(c) seeking an order of attachment in aid of arbitration against property of Defendant STX Offshore & Shipbuilding Co. Ltd. ("STX") that Plaintiffs have commenced in London and which are being conducted in accordance with the London Maritime Arbitrators Association ("LMAA") Rules (herein, the "London Arbitration").

3. No previous application has been made to this Court for the relief sought herein. No other provisional remedy has been sought in this court.  Plaintiffs sought identical relief in the Supreme Court of New York, County of New York in this action, which STX subsequently removed to this Court.  There are no known counterclaims asserted by any party in this proceeding or in the London Arbitration.

4. This proceeding and the related arbitration arise out of STX's breach of contract with respect to shipbuilding contracts for the building and delivery of four (4) vessels (the M/V INSPIRATION (ex Hull No. S-2078), the M/V INFINITY (ex Hull No. S-4027), the M/V INTUITION (ex Hull No. S-1444), and the M/V INCEPTION (ex Hull No. S-1445)) (collectively, the "Vessels") entered into on August 23, 2007 between Claimants and STX (the "Shipbuilding Contracts").

5. A series of defects were identified in the Vessels prior to delivery of the M/V INTUITION and M/V INCEPTION to their respective owners (Plaintiffs Sea Breeze and Med Breeze).  After delivery of the M/V INSPIRATION and M/V INFINITY to their respective owners (Plaintiffs Sea Blue and Aegean Breeze), a series of defects were discovered in those vessels as well.

6. STX was notified of the defects as to the M/V INTUITION and M/V INCEPTION prior to their delivery, at the time of their delivery and after their delivery.

7. STX was notified of the defects as to the M/V INSPIRATION and M/V INFINITY within the one year guarantee period under the Warranty of Quality provisions in the Shipbuilding Contracts.

8. In accordance with the Shipbuilding Contracts, STX was obligated to remedy the defects identified by Plaintiffs.

9. Despite repeated demand, STX has failed and/or refused to remedy the Vessels' defects, as a result of which the Plaintiffs are entitled to damages. In the London Arbitration, Plaintiffs have demanded damages of at least $15,229,668.00, inclusive of costs and interest, as set out below.

10. As further set out below, STX is unlikely to be able to satisfy any final award in the London Arbitration because of its well-publicized weak and weakening financial position.

**The Parties**

11. Aegean Breeze is a company incorporated under the laws of Liberia with its registered office in Monrovia, Liberia. Aegean Breeze is the owner of the vessel M/V INFINITY.

12. Med Breeze is a company incorporated under the laws of Liberia with its registered office in Monrovia, Liberia. Med Breeze is the owner of the vessel M/V INCEPTION.

13. Sea Blue is a company incorporated under the laws of Liberia with its registered office in Monrovia, Liberia. Sea Blue is the owner of the vessel M/V INSPIRATION.

14. Sea Breeze is a company incorporated under the laws of Liberia with its registered office in Monrovia, Liberia. Sea Breeze is the owner of the vessel M/V INTUITION.

15. STX is a company incorporated under the laws of South Korea with its principal place of business in South Korea. STX is a shipbuilding company.

**Factual Background**

16. On August 23, 2007, each of the Plaintiffs entered into an identical contract, save for the identity of each buyer and vessel, with STX (the Shipbuilding Contracts) pursuant to

which STX agreed to design, build, launch, equip and complete one 80,700 DWT bulk carrier as follows:

| Claimant | Vessel | Hull | Price | Delivered |
|---|---|---|---|---|
| Aegean Breeze | M/V INFINITY | S-4027 | $53,470,000 | May 27, 2010 |
| Med Breeze | M/V INCEPTION | S-1445 | $53,470,000 | October 27, 2011 |
| Sea Blue | M/V INSPIRATION | S-2078 | $53,470,000 | April 30, 2010 |
| Sea Breeze | M/V INTUITION | S-1444 | $53,470,000 | August 8, 2011 |

17. The Shipbuilding Contracts provided, in part, that the Vessels were to be built in accordance with certain enumerated specifications in compliance with certain rules and regulations of a particular classification society.

18. The Shipbuilding Contracts further provided a twelve-month guarantee, from the date of delivery, for the Vessels against defects due to defective materials, construction miscalculation, and/or poor workmanship.

19. Plaintiffs provided written notice to STX, as required by the Shipbuilding Contracts, of various defects in each of the Vessels as follows:

    a. With respect to the M/V INFINITY (S-4027), Aegean Breeze provided written notice by way of Guarantee Claim Reports submitted to STX in accordance with the terms of the Shipbuilding Contract on or about April 27, 2011.

    b. With respect to the M/V INCEPTION (S-1445), Med Breeze provided written notice by way of a Side Letter executed by both Med Breeze and STX on October 27, 2011 (the date of delivery) in which the various defects are listed.

    c. With respect to the M/V INSPIRATION (S-2078), Sea Blue provided written notice by way of Guarantee Claim Reports submitted to STX in accordance with the terms of the Shipbuilding Contract on or about April 27, 2011.

    d. With respect to the M/V INTUITION (S-1444), Sea Breeze provided written notice by way of a Side Letter executed by both Sea Breeze and STX on August 8, 2011 (the date of delivery) in which the various defects are listed.

20. Notice was provided to STX in accordance with the terms of the Shipbuilding Contracts and the defects were identified within the twelve-month guarantee window.

21. Pursuant to the Shipbuilding Contracts, STX was contractually obligated to correct any defects identified by Plaintiffs at STX's sole expense by making any necessary repairs or replacements.

22. In violation of its contractual obligations, STX has failed and/or refused to repair and/or replace the defects identified by Plaintiffs in the Vessels, as a result of which the Plaintiffs are entitled to damages.

23. The Shipbuilding Contracts require that any dispute arising thereunder be referred to arbitration in London. Plaintiffs have initiated London arbitration proceedings in accordance with the Shipbuilding Contracts.

24. Plaintiffs are informed and believe that Mediterranean Shipping Company has property, monies, and/or assets in which STX has an interest, contingent or otherwise, and/or which are owed to STX. Specifically, Plaintiffs are informed and believe that MSC owes STX monies in relation to several shipbuilding contracts.

25. Plaintiffs pray that this Court issue an order attaching these and other assets of STX in order that the award to which Plaintiffs may be entitled will be rendered effectual by preventing STX from dissipating the assets required to pay any such award.

**The Underlying Arbitration Proceedings**

26. As described above, Plaintiffs and STX agreed to submit all disputes arising out of the Shipbuilding Contracts to arbitration in London.

27. Plaintiffs have each instituted an arbitration proceeding against STX in London pursuant to the terms of the Shipbuilding Contracts.

28.     In the London Arbitration, each Plaintiff has demanded not less than $3,557,417.00 in damages resulting from STX's breach of the Shipbuilding Contracts.

29.     In addition, Plaintiffs estimate damages of a further $1,000,000.00 in costs and interest, for total damages (for all Plaintiffs) of $15,229,668.00.

**Plaintiffs Have Grounds For Attachment In Aid of Arbitration**

30.     Plaintiffs have a viable cause of action for STX's breach of the Shipbuilding Contracts.  There is no question that each Plaintiff entered into a Shipbuilding Contract with STX, that each Vessel contained defects, that each Plaintiff provided notice to STX of its Vessel's defects, that the Shipbuilding Contracts required STX to make the necessary repairs and/or replacements, and that STX failed and/or refused to do so.

31.     In the London Arbitration, STX has not denied the existence or terms of the contracts, and has not asserted that Plaintiffs failed to provide timely notice as required by the contracts.

32.     On or about April 2, 2013, STX began to seek a voluntary restructuring of its debt with creditors.

33.     Following the bankruptcy filing of sister-company STX Pan Ocean Co. (which, like STX, is a subsidiary of STX Group) on or about June 9, 2013, STX was subject to an involuntary restructuring plan led by creditors.

34.     On or about April 15, 2014, STX was delisted from the Korea Stock Exchange.

35.     On or about June 27, 2014, STX (Dalian) Shipbuilding Co Ltd (a Chinese subsidiary of STX) filed for bankruptcy reorganization proceedings.  As a result, a significant number of shipbuilding contracts – which had been countersigned by STX – collapsed, leading to legal actions against STX.

6

36. STX, like its parent (STX Group) and its subsidiary (STX (Dalian) Shipbuilding Co Ltd) is in a precarious financial position.

37. STX Group, and many of its subsidiaries, is currently under investigation by Korean authorities following charges of embezzlement and business malpractice against the former CEO of STX Group.  The value of the alleged fraud is US $2.4 billion.

38. The statutory requirements of CPLR § 6212 have been met in that

   a. There is a cause of action (the London Arbitration and the instant action);

   b. Plaintiffs are likely to succeed on the merits, given the undisputed facts;

   c. The first ground for attachment under CPLR § 6201 has been met (STX is a foreign corporation not qualified to do business in New York);

   d. STX has asserted no counterclaims in the London arbitration proceedings.

39. For all of the above reasons, any arbitration award granted in Plaintiffs' favor will be rendered ineffectual without an order of attachment.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 18, 2015.

_____
J. Stephen Simms

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2015, a copy of the foregoing Amended Affidavit of J. Stephen Simms in Support of Motion for Order of Attachment in Aid of Arbitration was served on all record counsel via this Court's CM/ECF system.

/s/ J. Stephen Simms
J. Stephen Simms
