UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

AEGEAN BREEZE SHIPPING CO., MED
BREEZE SHIPPING INC., SEA BLUE
SHIPPING INC., and SEA BREEZE
INTERNATIONAL MARITIME CO.,

      Plaintiffs,

  -v-

STX OFFSHORE & SHIPBUILDING CO.
LTD., f/k/a STX SHIPBUILDING CO. LTD.,

      Defendant.

------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 11, 2015

15-cv-972 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

  On February 17, 2015, Plaintiffs Aegean Breeze Shipping Co., Med Breeze Shipping Inc., Sea Blue Shipping Inc., and Sea Breeze International Maritime Co. moved this Court, pursuant to Section 7502(c) of the New York Civil Practice Law and Rules ("CPLR"), to obtain an Order of Attachment in Aid of Arbitration against property of defendant STX Offshore & Shipbuilding Co. Ltd. ("STX O&S"). Plaintiffs initially filed this petition on January 20, 2015 in the Supreme Court of the State of New York, but defendants subsequently removed the action to this Court on February 10, 2015.

  Arbitration has commenced in London as a result of STX O&S's alleged breach of contract with respect to shipbuilding contracts for the building and delivery of four vessels. Plaintiffs claim that a series of defects were identified in

the vessels and that STX O&S is obliged to remedy the defects in accordance with the shipbuilding contracts.  Plaintiffs have demanded damages of $16,063,873.56 in the London Arbitration as a result of STX O&S's alleged failure to remedy the defects.  Plaintiffs point to troubling financial indicators of STX O&S in their pursuit of attachment; however, they fail to meet the burden wherein attachment becomes necessary and appropriate.

I.   ATTACHMENT UNDER NEW YORK LAW

Attachment, a device whereby plaintiff effects seizure of defendant's property, is available in federal court "under the law of the state where the court is located." Fed. R. Civ. R. 64.  Plaintiffs move pursuant to § 7502(c), which provides that a court in New York "may entertain an application for an order of attachment or for a preliminary injunction in connection with an arbitration . . . only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without such provisional relief." NY CPLR § 7502 (2012).  That section also states that other provisions related to attachment apply to the application.  Id. Such provisions include the grounds for attachment set forth in CPLR § 6201:

> An order of attachment may be granted in any action, except a matrimonial action, where the plaintiff has demanded and would be entitled, in whole or in part, or in the alternative, to a money judgment against one or more defendants, when:
>
> (1) the defendant is a nondomiciliary residing without the state, or is a foreign corporation not qualified to do business in the state; or
>
> (2) the defendant resides or is domiciled in the state and cannot be personally served despite diligent efforts to do so; or

>(3) the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts; or
>
>(4) the action is brought by the victim or the representative of the victim of a crime, as defined in subdivision six of section six hundred twenty-one of the executive law, against the person or the legal representative or assignee of the person convicted of committing such crime and seeks to recover damages sustained as a result of such crime pursuant to section six hundred thirty-two-a of the executive law; or
>
>(5) the cause of action is based on a judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state, or on a judgment which qualifies for recognition under the provisions of article 53.

NY CPLR § 6201 (2012).  In addition to the statutory ground for attachment, a plaintiff seeking an order of attachment must also show "that there is a cause of action, that it is probable that the plaintiff will succeed on the merits, that one or more grounds for attachment provided in section 6201 exist, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff." NY CPLR § 6212(a) (2012).

Even if a plaintiff makes out a case for attachment under CPLR § 6201, an order of attachment is discretionary and "depends on [the court's] determination that a plaintiff both satisfies the statutory requirements and established the need for an attachment."  Capital Ventures Intern. v. Republic of Argentina, 443 F.3d 214, 221 (2d Cir. 2006).  Attachment is permissible where a plaintiff has adequately demonstrated that the defendant is in a dire situation such that there is reason to believe it will not satisfy any judgment entered against it.  See, e.g., Cnty. Natw. Sec. Corp. v. Jesup, Josephthal & Co., 579 N.Y.S.2d 376, 176-77 (1st Dep't 1992).

3

"In sum, then, a motion court presented with an application for an order of attachment must determine whether a statutory ground for attachment exists, whether the applicant has established a likelihood of success on the merits, and whether the remedy is needed to secure payment or obtain jurisdiction. It has discretion to the extent that these determinations require weighing of evidence and also in balancing competing considerations." Capital Ventures, 443 F.3d at 222.

II.   DISCUSSION

Plaintiffs have not met their burden of proving that an award in the London Arbitration would be rendered ineffectual without an attachment. While not a company with a long track record of financial health, at present STX O&S appears to be meeting its debts when due and to have sufficient additional cash on hand to pay an arbitration award. According to the General Manager of the company, STX O&S is one of the world's largest shipbuilders with assets totaling over $4.4 billion. (Certification of Ilbong Jang, General Manager of STX O&S, February 16, 2015, at ¶ 9). Of those assets, nearly $70 million is in the form of cash and cash-equivalents. (Id.) Plaintiffs' claim of approximately $16 million is a small fraction of STX O&S's total assets. While plaintiffs point to the troubling financials of former STX affiliates, those entities are distinct and no longer connected with STX O&S. (Id.) Indeed STX O&S is not in default on any of its commercial debts. (Id.)

In addition, plaintiffs cannot establish the likelihood of success in the arbitration proceedings as STX O&S is able to make strong defenses. (See Def.'s Mem. of L. in Opp'n, at *11-17, ECF No. 30.) As an example, in response to

plaintiffs' claim of non-conformance of pipeline clearances to SOLAS regulations, defendant can point to the Classification Society DNV approving the vessels as compliant with the SOLAS regulations.  (Certification of Ho Seok Lee, Senior Manager of STX O&S, March 4, 2015, at ¶¶ 29-32, 44.)  The Classification Society similarly confirmed that the vessels complied with other requirements plaintiffs allege have not been met.  (See, e.g., id. at ¶¶ 33-36, 47, 53 56.)  As a result of the defenses set forth by defendant, the Court concludes that plaintiffs have not demonstrated a likelihood of success such that attachment is a necessary and appropriate remedy.

III.   CONCLUSION

Plaintiff's motion for an order of attachment in aid of arbitration is DENIED.

The Clerk of Court is directed to close the motion at ECF No. 7 and terminate this action.

SO ORDERED.

Dated:     New York, New York
           March 11, 2015

_____
          KATHERINE B. FORREST
          United States District Judge